

1
2
3
4
5
6
7
8
9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                          EASTERN DIVISION

12
13
14  _____

15  MIGUEL ANGEL GOMEZ,              )     ED CV 13-01367-VBF-SH
                                     )
16            Petitioner,            )     OPINION and ORDER
                                     )
17         v.                        )     **Adopting R&R as Corrected & Supplemented**;
                                     )
18                                   )     Dismissing Habeas Petition without Prejudice due
                                     )     to Petitioner's Failure to Sign and Verify Petition;
19  J. MACDONALD,                    )
                                     )     Advising Petitioner that Dismissal Will Be
20                                   )     Converted to "With Prejudice" If He Fails to File a
              Respondent.            )     Petition He Has Personally Signed & Verified No
21                                   )     Later than Monday, April 28, 2014
    _____

22
23
24          This is a state prisoner's action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

25  The U.S. Magistrate Judge has issued a Report and Recommendation ("R&R") recommending

26  that the action be dismissed without prejudice on the grounds that petitioner has failed to

27  prosecute this action and has failed to verify the petition despite being ordered to do so – on

28  penalty of dismissal without prejudice – *eight months ago and again four months ago*.  The time

                                         1

1  for objections elapsed weeks ago, yet petitioner has neither filed objections nor sought an

2  extension of time in which to do so.  For the reasons that follow, the Court will dismiss the

3  petition without prejudice as recommended by the R&R.  The Court will, however, correct and

4  supplement the Report's analysis as set forth below.  Finally, the Court will warn petitioner that

5  if he fails to file a copy of the petition which he has personally signed and verified by a date

6  certain, the Court will convert the dismissal of his petition to a "with prejudice" dismissal for lack

7  of prosecution and failure to comply with court order.

8

9  <u>DENIAL OF URBANO'S APPLICATION FOR "NEXT FRIEND" STATUS</u>

10  **The Court agrees with the Magistrate that Urbano has not shown that petitioner**

11  **cannot himself access the court or that Urbano has a significant relationship with petitioner**

12  and is dedicated to petitioner's best interests.  *See* R&R at 3 (citing *Whitmore*, 499 U.S. at 163-64,

13  and *Massie*, 244 F.3d at 1194).  "Most frequently, 'next friends' appear in court on behalf of

14  detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to

15  seek relief themselves."   *Whitmore*, 499 U.S. at 163.   Congress codified the longstanding

16  common-law tradition of the next friend in 1948 by enacting 28 U.S.C. § 2242, which provides,

17  "Application for a writ of habeas corpus shall be in writing signed and verified by the person for

18  whose relief it is intended *or by someone acting in his behalf*."  *See Whitmore*, 499 U.S. at 163-64.

19  As the Supreme Court has cautioned, however, "'next friend' standing is by no means granted

20  automatically to whomever seeks to pursue an action on behalf of another."  *Id.*  Rather,

21

22  decisions applying the habeas corpus statute have adhered to at least two firmly
   rooted prerequisites for 'next friend' standing.  First, a 'next friend' must provide

23  an adequate explanation  – such as inaccessibility, mental incompetence, or other

24  disability – why the real party in interest cannot appear on his own behalf to
   prosecute the action.  Second, the next friend must be truly dedicated to the best

25  interests of the person on whose behalf he seeks to litigate.  The burden is on the

26  'next friend' clearly to establish the propriety of his status . . . .

27

28  *Whitmore*, 499 U.S. at 164 (internal citations omitted).  Urbano and petitioner have not submitted

2

1    evidence sufficient to find that they had the necessary significant pre-existing relationship for

2    Urbano to be allowed to prosecute this action as next friend.  *See Coalition of Clergy, Lawyers,*

3    *& Professors v. Bush*, 310 F.3d 1153, 1158 (9th Cir. 2002) ("The actual practice codified by

4    Congress as to which persons could properly bring a petition was not without its limitations.  An

5    examination of the pre-amendment cases demonstrates consistently that each time next-friend

6    habeas standing was granted by a federal court, there was a significant pre-existing relationship

7    between the prisoner and the putative next friend", such as a wife as next friend for her husband,

8    a woman for her brother, a mother for her son, or a brother-in-law for a minor) (citations omitted).

9        Nor have Urbano and petitioner submitted evidence which would permit this Court to find

10   that petitioner suffers from some lack of access to this Court beyond the inconveniences inherent

11   in prison life.  *Cf. Galvan v. Horel*, 2007 WL 4239543, *3 (E.D. Cal. Dec. 3, 2007) ("Fellow

12   inmate . . . seeks leave to proceed as 'next friend' for Petitioner.  It is alleged that Petitioner cannot

13   read or write English which hinders his ability to litigate this action, as there are only a few fellow

14   inmates [who] are bilingual to assist him.  Although it is unfortunate that Petitioner is not literate

15   in the English language, this barrier is present in a majority of pro se prisoner actions, and

16   Petitioner is no different from those litigants.").

17

18       DISMISSAL WITHOUT PREJUDICE DUE TO FAILURE TO SIGN AND VERIFY

19       **First, the Court agrees that the petition is subject to dismissal without prejudice, in**

20   **the Court's discretion, due to petitioner's failure to verify it** as required by Rule 2© of the

21   Rules Governing Section 2254 Cases in the U.S. District Courts ("Sec. 2254 Rules").  *See* R&R

22   at 2; *see also Calderon v. U.S. Dist. Ct. for Cent. Dist. of Calif.*, 127 F.3d 782, 788 n.4 (9th Cir.

23   1997) ("A habeas petition is also required to be verified personally by the petitioner . . . .")

24   (quoting Rule 2© of the Sec. 2254 Rules ("The petition . . . shall be signed under penalty of

25   perjury by the petitioner.")), *overruled on other grounds*, 163 F.3d 530 (9th Cir. 1998).  "'All

26   federal courts are vested with inherent powers enabling them to manage their cases and

27   courtrooms effectively.'" *US v. Kent*, 633 F.3d 920, 925 (9th Cir.) (quoting *Aloe Vera of America,*

28   *Inc. v. US*, 376 F.3d 960, 964-65 (9th Cir. 2004) (per curiam) (citation omitted)), *amended on other*

1   *grounds & superseded on denial of reh'g en banc*, 649 F.3d 906 (9th Cir. 2011).[1]

2   **The Magistrate is also right to conclude (R&R at 2) that the petition is subject to**

3   **dismissal without prejudice because petitioner's continuing failure to sign and verify his**

4   **petition violates C.D. Cal. LCivR 11-1.**  It is well settled that a district court may also dismiss

5   an action "based on a party's . . . failure to comply with federal or local rules of civil procedure."

6   *US v. Real Property Located at 2855 Peter St.*, 2014 WL 279598, *4 (D. Haw. Jan. 23, **2014**)

7   (citing, *inter alia*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming discretionary

8   dismissal of complaint due to plaintiff's failure to comply with local rules) and *Buss v. W Airlines,*

9   *Inc.*, 738 F.2d 1053, 1054 (9th Cir. 1984) (same)).  "'This measure is available to the district court

10  as a tool to effect management of its docket and [to] avoid[] . . . unnecessary burdens on the tax-

11  supported courts and [on] opposing parties.'" *Smith v. Scott*, – F. Supp.2d –, 2014 WL 29607, *2

12  (S.D. Ohio Jan. 3, 2014) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).

13

14  **The Court cannot agree, however, with the Report's statement that "[s]ince petitioner**

15  **has failed to file a verified habeas petition, the Petition *must* be dismissed."**  R&R at 2

16  (emphasis added).  The Ninth Circuit has expressly rejected the proposition that "it is reversible

17  error for a district court to address the merits of an unverified petition." *See Hendricks v. Vasquez*,

18  908 F.2d 490, 491 (9th Cir. 1990).  Rather, the Ninth Circuit holds, while a district court "may

19  refuse to file, or may dismiss, an unsigned and unverified petition", *Hendricks*, 908 F.2d at 491

20  (citing, *inter alia*, *In re Application of Gibson*, 218 F.2d 320 (9th Cir. 1954)), "the defect is one

21  that the district court may, if it sees fit, disregard." *Hendricks*, 908 F.2d at 491 (citing district-

22  court decisions from other circuits); *see, e.g., Martin v. Marshall*, 2009 WL 3122551, *1 n.2 (C.D.

23  Cal. Sept. 25, 2009) (Klausner, J.) ("Respondent also moves to dismiss the petition because it is

24  not verified.  Because petitioner signed the proof of service attached to the petition, the Court

25

26  ¹*Cf. Ryan v. Gonzales*, – U.S. –, 133 S. Ct. 696, 708 (2013) (citing *Enelow v. NY Life Ins.
    Co.*, 293 U.S. 379, 382, 55 S. Ct. 310 (1935) (a court may stay a case "pending before it by virtue

27  of its inherent power to control the progress of the cause so as to maintain the orderly processes
    of justice") (citing *Griesa v. Mut. Life Ins. Co. of NY*, 165 F. 48, 50, 51 (8th Cir. 1908))); *Redfield
    v. Ystalyfera Iron Co.*, 110 U.S. 174,176, 3 S. Ct. 570, 572 (1884) ("This delay in prosecution

28  would certainly have justified the court in dismissing the action on its own motion.").

4

1   elects to disregard the deficiency.") (citing *Hendricks*).

2         Nonetheless, in keeping with the customary practice of judges in this district, the Court

3   will exercise its discretion to dismiss the petition without prejudice due to petitioner's failure to

4   sign and verify the petition. *See, e.g., Picquelle v. People of California*, 2009 WL 1514658 (C.D.

5   Cal. May 27, 2009) (Dean Pregerson, J.); *Luong Nguyen v. Busby*, 2011 WL 9158277, *1 (C.D.

6   Cal. Nov. 8, 2011) (Olguin, M.J.) (after "the Court dismissed the petition with leave to amend

7   because the Petition was not signed or verified", petitioner filed an amended petition which was

8   properly signed and verified), *R&R rejected on other grounds*, 2012 WL 4513784 (C.D. Cal. Oct.

9   1, 2012) (Dean Pregerson, J.).[2]  This is particularly appropriate given that the Court has made

10   petitioner aware of the need to personally sign and verify his petition himself and has given him

11   ample time to do so.  Petitioner has already had at least three opportunities to avert dismissal

12   without prejudice by simply singing and verifying a copy of his own petition and filing that copy:

13   when the Magistrate ordered petitioner to do so in August 2013 (Doc 7), when the Magistrate

14   ordered him to do so in November 2013 (Doc 17), and when the Magistrate issued the Report

15   recommending dismissal without prejudice in February 2014 (Doc 19).

16

17   <u>DISMISSAL WITHOUT PREJUDICE FOR LACK OF PROSECUTION</u>

18         **Second, the Court agrees that the petition should be dismissed *sua sponte* without**

19   **prejudice due to petitioner's failure to prosecute, pursuant to both Fed. R. Civ. P. 41(b) and**

20   **the Court's inherent authority.**  *See* R&R at 3 (citing *Link*, 370 U.S. at 629-30); *see also*

21   _____

22       [2]The Court notes that when district courts in our district have overlooked a habeas

23   petitioner's failure to sign and verify his petition, they have often done so in order to deny the
    petition on its merits. *See, e.g., Walton v. Clark*, 2010 WL 4672251, *4 (C.D. Cal. July 20, 2010)

24   ("Respondent argues that the petition should be dismissed without prejudice because Petitioner
    failed to sign it.  * * *  Respondent further argues that the petition is untimely.  Because the Court

25   denies the Petition on its merits, it declines to consider these procedural arguments."), *R&R
    adopted*, 2010 WL 4672353 (C.D. Cal. Nov. 8, 2010) (Feess, J.);

26       *Orrostieta v. Virga*, 2010 WL 9160517, *1 n.2 (C.D. Cal. Dec. 14, 2010)

27   (notwithstanding's contention that habeas petition should be dismissed because it was unsigned,
    "[t]he Court exercises its discretion to reach the merits of Petitioner's claims despite the pleading

28   defect" and recommends denying petition on its merits), *R&R adopted*, 2011 WL 334824 (C.D.
    Cal. Jan. 28, 2011) (Matz, J.).

*Morrow v. Sacramento DEA*, 2014 WL 907349, *2 (E.D. Cal. Mar. 7, 2014) (collecting authorities for the proposition that court may dismiss sua sponte for lack of prosecution and/or failure to comply with court orders, including *Hells Canyon Preservation Council v. US Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005)).  As noted, by Order dated August 20, 2013 (Doc 07), the Court directed petitioner to sign and verify the petition and send it back within twenty days, but he did not do so.  About three months later, the Court's November 19, 2013 Order (Doc 17) again instructed the petitioner to sign and verify the petition and send it back within twenty days.  In each instance the Court warned petitioner that his petition could be dismissed without prejudice if he failed to provide the Court with a signed and verified version.

**Preliminarily, the Court need not wait for a motion to dismiss but may dismiss *sua sponte* for failure to prosecute.**  *See Ash v. Cvetkov*, 739 F.3d 493, 496 (9th Cir. 1984); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see, e.g., Avery v. Cash*, 2013 WL 2250990, *1 (C.D. Cal. May 21, 2013) (citing *Link*, 370 U.S. at 629-30).  The Court, however, should take care to show that it considered alternatives less drastic than dismissal, particularly if dismissal is *sua sponte*.  *See Molski v. Pismo Bowl*, 248 F. App'x 827, 830 (9th Cir. 2007) (although "appellate courts have 'never held that explicit discussion of alternatives is *necessary* for an order of dismissal to be upheld'", the *sua sponte* dismissal had to be vacated under the circumstances  because although the panel understood "the frustration of the District Judge in dealing with this type of litigation, . . . the law requires that certain considerations  be taken into account before dismissal. [The district judge] did not give us any indication that he weighed the required factors, which leaves us in the dark as to whether he even considered them.").

**The Report asserts without discussion that "[a]fter weighing the relevant facts, the Court finds that this action should be dismissed without prejudice" for lack of prosecution, R&R at 3.  The Court would more specifically note that "[i]n determining whether to dismiss this action due to plaintiff's failure to prosecute or comply with Court orders, the Court must consider the following five factors:** '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket, (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Ha v. Milosnic*, 2013 WL 3933929, *2 (C.D. Cal. July 30, 2013) (Fairbank, J.) (quoting *Carey v. King*, 856 F.3d 1439, 1440 (9th Cir. 1998)); *see also In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (dismissal for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.3d 1258, 1260 (9th Cir. 1992) (dismissal for failure to comply with court orders).

The Court acknowledges that dismissal for failure to prosecute is a harsh penalty, *Martin v. Colvin*, 2014 WL 358588, *2 (W.D. Wash. Jan. 31, 2014) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)), which "should 'be utilized only in extreme situations'", *St. Prix v. Sirius XM Satellite Radio*, 2014 WL 405812, *2 (S.D.N.Y. Jan. 29, 2014) (quoting *US v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir.2004)).   Nonetheless, dismissal without prejudice is appropriate here under the *Carey v. King* standard.

**The first and second *Carey* factors weigh in favor of dismissal**, because petitioner's ongoing failure or refusal to provide a signed, verified petition by court-imposed deadlines thwarts the public's interest in expeditious resolution of litigation (the first factor) and impairs the court's ability to manage its docket (the second factor).  *See Pagtalunan v. Galazas*, 291 F.3d 639, 642 (9th Cir. 2002); *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999); *see, e.g.,* dismissing for lack of prosecution:  *Bell v. Valenzuela*, 2012 WL 6642674, *2 (C.D. Cal. Dec. 5, 2012) ("[p]laintiff failed to timely file his [FAC] despite requesting an extension to do so" and the Order granting the extension was returned to the Court as undeliverable because plaintiff had failed to apprise the court of an address change), *R&R adopted*, 2012 WL 6643160 (C.D. Cal. Dec. 19, 2012) (Feess, J.); *Jackson v. Cate*, 2012 WL 6964422, *2 (C.D. Cal. Nov. 14, 2012) ( "[a]s a result of Plaintiff's failure to file a Second Amended Complaint, this action has been and will continue to be stalemated."), *R&R adopted*, 2013 WL 372575 (C.D. Cal. Jan. 30, 2013) (Kronstadt, J.); *Dawson v. Watanathia*, 2013 WL 1247641, *2 (C.D. Cal. Feb. 26, 2013) (*Carey* factors 1 and 3 favored dismissal because due to "plaintiff's failure to return the service package, this action has been and will continue to be stalemated."), *R&R adopted*, 2013 WL 1248680 (C.D. Cal. Mar. 27, 2013).  The fact that plaintiff is *pro se* does not entitle him to thwart these important

7

public policies, as an "individual representing himself or herself . . . is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law." *Meeks Junior v. Wells Fargo Bank*, 2014 WL 295171, *1 (E.D. Cal. Jan. 27, 2014) (citing E.D. Cal. LCivR 183(a)).

**The third *Carey* factor weighs in favor of dismissal,** because prejudice to the opposing party may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d at 1452-53 ("'the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.'") (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) and citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651-52 (9th Cir. 1991)); *Moore*, 589 F.2d at 967-68. Likewise, where a party offers a poor excuse or no excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Plaintiff could rebut this presumption of prejudice by an affirmative showing of just cause for his delay and failure to prosecute, *see Eisen*, 31 F.3d at 452-53, but he has not even attempted to do so.

**The fourth *Carey* factor, the public policy favoring resolution of cases on their merits does not weigh against dismissal** where, as here, petitioner fails to make reasonably diligent effort to move the case towards that disposition. The Ninth Circuit "recognize[s] that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA Prods. Liab. Lit.*, 460 F.3d 1217, 1226 (9th Cir. 2006). "As such, this factor has little weight in cases such as this where the plaintiff essentially appears to be unable or unwilling to proceed with the action." *Zamani v. Colvin*, 2013 WL 3744217, *2 (E.D. Cal. July 15, 2013) (citing *PPA*, 460 F.3d at 1226, and *Lopez v. Wash. Mut. Bank*, 2010 WL 2629039, *1 (E.D. Cal. June 25, 2010)). **Moreover, because the Court is dismissing without prejudice, the policy in favor of resolving cases on their merits is not thwarted by dismissal**. *Cf. Cardiff v. Tingy*, 2006 WL 1343441, *3 (N.D. Cal. May 17, 2006) ("The only factor which weighs against dismissal of this action under Rule 41(b) is that which favors the disposition of actions on their merits. *Because the Court chooses to dismiss this*

8

1    *action without prejudice, however, the weight of this factor is mitigated.*") (emphasis added).

2

3         **As for the fifth *Carey* factor, the Court finds that no available lesser sanctions would**

4    **be effective rather than outright dismissal,** because the Court has twice warned petitioner to

5    sign and verify his petition and he has failed to do so over a prolonged period of time.  *See, e.g.,*

6    *Dawson*, 2013 WL 1247641 at *2 ("[U]nder the circumstances presented (i.e., plaintiff's . . . failure

7    even to respond to the Order to Show Cause), it does not appear to the Court that there any less

8    drastic sanctions available . . . ."); *Barajas v. San Bernardino Sheriff's Dep't*, 2009 WL 1605706,

9    *2 (C.D. Cal. June 2, 2009) (Fairbank, J.) ("The fifth factor – availability of less drastic sanctions

10   – also weighs in favor of dismissal.  The Court cannot move the case toward disposition without

11   Plaintiff's compliance with court orders or participation in its litigation.  Plaintiff has shown that

12   he is either unwilling or unable to comply with court orders by filing responsive documents.").

13        Moreover, the R&R itself constituted a *third* instance of notice to petitioner that he must

14   personally sign and verify his petition or risk dismissal without prejudice – and an opportunity to

15   seek permission to do so belatedly.  *See Poster v. Barnes*, 2013 WL 1898539, *2 (C.D. Cal. Mar.

16   29, 2013) (Abrams, M.J.) ("[P]etitioner was cautioned about the possibility of dismissal in the

17   February 22, 2013 Order, and will be provided with additional notice through this Report and

18   Recommendation."), *R&R adopted*, 2013 WL 1898536 (C.D. Cal. May 6, 2013) (Collins, J.).

19

20        **Finally, the Court notes that it has waited four months after the passage of the latest**

21   **court-ordered deadline for petitioner to sign and verify his petition before ordering**

22   **dismissal without prejudice.**  *See Jackson v. Mulroy*, 12 F. App'x 80, 82-83 (2d Cir. 2001) ("Nor

23   did the district court fail to consider Jackson's right to due process and the efficacy of lesser

24   sanctions: the court permitted Jackson to proceed in forma pauperis and expressly invited him to

25   submit a complaint more clearly spelling out the basis for his claims and the relief sought.  *Before*

26   *dismissing the action, moreover, the court waited five months past the 30-day deadline it had*

27   *given Jackson for filing an amended complaint.*  [T]he district court did not abuse its discretion.").

28

                                                          9

**As recommended by the R&R at 3, the dismissal will be without prejudice.  The Court determines that with-prejudice dismissal at this stage would be too harsh despite the plaintiff's dereliction.** *See Rich v. Wexford Health Sources, Inc.*, 2013 WL 4774723, *3 (D. Ariz. Sept. 4, 2013) ("The Court finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits '[u]nless the court in its order for dismissal otherwise specifies.'  In the instant case, the Court concludes that a dismissal with prejudice would be unduly harsh.").  If petitioner makes no use of this last opportunity to provide the Court with a habeas petition which he has personally signed and verified, however, dismissal with prejudice will be appropriate *and will be ordered*.

ORDER

The Report & Recommendation **[Doc #19] is ADOPTED** as corrected and supplemented.

The petition for writ of habeas corpus **[Doc #1] is DISMISSED without prejudice**.[3]

No later than Thursday, May 1, 2014, petitioner **MAY FILE** a copy of the instant habeas petition which he himself has personally signed and verified.

If petitioner fails to do so, the dismissal of his habeas petition *will be* converted to a with-prejudice dismissal (for lack of prosecution and continuing failure to obey court orders) without further warning or opportunity for objection.[4]

---

[3]*See* C.D. Cal. LCivR 41-2, Dismissal - Effect ("Unless the Court provides otherwise, any dismissal pursuant to L.R. 41-1 shall be without prejudice."), *noted by Walker v. Metropolitan Life Ins. Co.*, 2009 WL 2048328, *3 (C.D. Cal. July 9, 2009) (Philip Gutierrez, J.);

C.D. Cal. LCivR 41-3, Reinstatement - Sanctions ("If any action dismissed pursuant to L.R. 41-1 is reinstated, the Court may impose such sanctions as it deems just and reasonable.");

C.D. Cal. LCivR 41-4, Refiling of Dismissed Action ("If any action dismissed pursuant to L.R. 41-1 is refiled as a new action, the party filing the later action shall comply with the requirements of L.R. 81-1.2.2.").

[4]*See Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671 (9th Cir. 1981) (after dismissing the original complaint for failure to set forth a short, clear, and concise statement of the claims in violation of Fed. R. Civ. P. 8(a) and 8(e) and failing to state a claim on which relief could be granted under Fed. R. Civ. P. 12(b)(6), the district court did not abuse its discretion in dismissing

1    The Court will not issue a final judgment at this time.

2    IT IS SO ORDERED.

3

4    DATED:        March 31, 2014

5                                                              _____

6                                                              VALERIE BAKER FAIRBANK
                                                               SENIOR UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15    _____

16    the amended complaint *with* prejudice and denying plaintiff's motion for leave to further amend)).

17         *Cf. also, e.g., Ferguson v. Pagati*, 2013 WL 3989426, *1-*2 (C.D. Cal. Aug. 1, 2013)
      (stating, in *pro se* prisoner's civil-rights action, "The first amended complaint is dismissed without
18    prejudice for failure to state a claim . . . .  If plaintiff wishes to continue pursuing this action, he
      MAY FILE a second amended complaint no later than . . . .  If plaintiff fails timely to file a second
19    amended complaint, the dismissal will be converted to a with-prejudice dismissal due to lack of
      prosecution and failure to comply with court order.  Likewise, if plaintiff does file a second
20    amended complaint but [it] still does not state a claim . . . , the dismissal will be converted to a
      with-prejudice dismissal.");

21         *Altman v. HO Sports Co., Inc.*, 2009 WL 4163512, *9 (E.D. Cal. Nov. 23, 2009) (same);

22         *US ex rel. Tucker v. Nayak*, 2008 WL 140948, *5 (S.D. Ill. Jan. 11, 2008) (dismissing case
      without prejudice for failure to satisfy Fed. R. Civ. P. 9(b) and 12(b)(6), affording the relator until
23    a date certain to file an amended complaint to rectify those deficiencies, and stating, "The Court:
      * * * **WARNS** the relator that should she fail to timely move to amend her or should the proposed
24    amended complaint fail to comply with Rules 9(b) and 12(b)(6), the Court may deny leave to
      amend and convert the dismissal of this case to one with prejudice.");

25
      *Morgan v. Mason*, 1999 WL 500997, *2 (D. Idaho June 1, 1999) ("[P]ursuant to Rule 8
26    of the Federal Rules of Civil Procedure, the court dismisses plaintiffs' complaint with leave to
      amend.  Plaintiffs are given thirty days to amend from the filing date of this order.  Failure to
27    timely amend will convert this dismissal to one with prejudice.  Plaintiffs are also admonished that
      failure to amend so as to comply with Rule 8 may also result in dismissal with prejudice.") (citing
28    *Nevijel*, 651 F.2d 671), *recon. denied*, 1999 WL 718599 (D. Idaho July 21, 1999).

                                                11