UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **MIGUEL ANGEL GOMEZ,** | ED CV 13-01367-VBF-SH |
| Petitioner, | **OPINION and ORDER** |
| | Denying Non-Party Urbano's "Motion to Alter or Amend the March 31, 2014 Next Friend Judgment" as Waived, Improper, and Meritless; |
| J. MACDONALD, | |
| | Dismissing Habeas Petition *with* Prejudice due to Petitioner's Continuing Failure to Sign and Verify Petition, Lack of Prosecution, and Failure to Follow Orders; |
| Respondent. | |
| | Denying a Certificate of Appealability |

Proceeding *pro se*, California state prisoner Miguel Angel Gomez ("petitioner") brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The undersigned previously issued an Order which dismissed the action without prejudice and warned petitioner that if he failed to file a habeas petition which he has personally signed and verified – as required by Rule 2 subsection c of the Rules Governing Section 2254 Cases in the U.S. District Courts ("2254

1

Rules") and C.D. Cal. LCivR 11-1 – by May 1, 2014, "the dismissal of his habeas petition *will* be converted to a with-prejudice dismissal (for lack of prosecution and continuing failure to obey court orders) without further warning or opportunity for objection." *See Gomez v. MacDonald*, 2014 WL 1330528, *6 (C.D. Cal. Mar. 31, 2014) (Fairbank, J.). Now, another inmate has purported to file a motion for reconsideration on petitioner's behalf. For the reasons that follow, the Court will deny the motion for reconsideration because it is improper, is barred by waiver, and lacks merit in any event. The Court will then convert the prior without-prejudice dismissal of this action into a with-prejudice dismissal due to petitioner's continuing failure to prosecute, follow court orders, and file a habeas petition which he has personally signed and verified. Finally, the Court will enter final judgment against petitioner by separate document and will deny a COA.

<u>PROCEDURAL HISTORY AND THIS COURT'S PRIOR DECISION</u>

The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the action be dismissed without prejudice on the grounds that petitioner had failed to prosecute this action and had failed to verify the petition despite being twice ordered to do so over a period of months. Significantly, petitioner did not file objections to the R&R. In the March 31, 2014 Order adopting the R&R and dismissing the habeas petition without prejudice, the undersigned also denied Urbano's application to serve as petitioner's "next friend" in prosecuting this action. The Court reasoned as follows on the next-friend issue:

> **The Court agrees with the Magistrate that Urbano has not shown that petitioner cannot himself access the court or that Urbano has a significant relationship with petitioner** and is dedicated to petitioner's best interests. *See* R&R at 3 (citing *Whitmore*, 499 U.S. at 163-64, and *Massie*, 244 F.3d at 1194). "Most frequently, 'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore*, 499 U.S. at 163. Congress codified the longstanding common-law tradition of the next friend in 1948 by enacting 28 U.S.C. § 2242, which provides, "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by*

*someone acting in his behalf.*" *See Whitmore*, 499 U.S. at 163-64. As the Supreme Court has cautioned, however, "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* Rather,

> decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for 'next friend' standing. First, a 'next friend' must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate. The burden is on the 'next friend' clearly to establish the propriety of his status . . . .

*Whitmore*, 499 U.S. at 164 (internal citations omitted). Urbano and petitioner have not submitted evidence sufficient to find that they had the necessary significant pre-existing relationship for Urbano to be allowed to prosecute this action as next friend. *See Coalition of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1158 (9th Cir. 2002) ("The actual practice codified by Congress as to which persons could properly bring a petition was not without its limitations. An examination of the pre-amendment cases demonstrates consistently that each time next-friend habeas standing was granted by a federal court, there was a significant pre-existing relationship between the prisoner and the putative next friend", such as a wife as next friend for her husband, a woman for her brother, a mother for her son, or a brother-in-law for a minor) (citations omitted).

Nor have Urbano and petitioner submitted evidence which would permit this Court to find that petitioner suffers from some lack of access to this Court beyond the inconveniences inherent in prison life. *Cf. Galvan v. Horel*, 2007 WL 4239543, *3 (E.D. Cal. Dec. 3, 2007) ("Fellow inmate . . . seeks leave to proceed as 'next friend' for Petitioner. It is alleged that Petitioner cannot read or write English which hinders his ability to litigate this action, as there are only a few fellow inmates [who] are bilingual to assist him. Although it is unfortunate that Petitioner is not literate in the English language, this barrier is present in a majority of pro se prisoner actions, and Petitioner is no different from those litigants.").

Case 5:13-cv-01367-VBF-SH   Document 28   Filed 08/14/14   Page 4 of 13   Page ID #:211

*Gomez*, 2014 WL 1330528 at *1-*2.

  Finally, the Court warned petitioner that if he failed to file a copy of the petition which he had personally signed and verified by a date certain, the Court would convert the dismissal of his petition to a "with prejudice" dismissal for lack of prosecution and failure to comply with court order. The Court concluded the analysis potion of its opinion as follows:

> [T]he dismissal will be without prejudice. The Court determines that with-prejudice dismissal at this stage would be too harsh despite the plaintiff's dereliction. * * * If petitioner makes no use of this last opportunity to provide the Court with a habeas petition which he has personally signed and verified, however, dismissal with prejudice will be appropriate *and will be ordered*.

*Gomez*, 2014 WL 1330528 at *6 (emphasis in original). After dismissing the habeas petition without prejudice, the Court ordered as follows:

> No later than Thursday, May 1, 2014, petitioner **MAY FILE** a copy of the instant habeas petition which he himself has personally signed and verified.
>
> If petitioner fails to do so, the dismissal of his habeas petition *will be* converted to a with-prejudice dismissal (for lack of prosecution and continuing failure to obey court orders) without further warning or opportunity for objection.

*Gomez*, 2014 WL 1330528 at *6 (emphasis in original) (n.4 omitted). The May 1, 2014 deadline arrived and petitioner did not file a habeas petition which he had personally signed and verified.

  **Instead, on that very date, inmate Urbano filed, purportedly on petitioner's behalf, Doc 21, entitled "Motion to alter or amend the March 31, 2014 Next Friend Judgment (ECF No. 20.) (Fed. R. Civ. P. 59(e).)"** The Court agrees with Urbano that the motion is timely because he credibly alleges that he tendered the motion to prison authorities for mailing on April 28, 2014, which was the 28th day after this Court's March 31, 2014 ruling which denied his request for next-friend status. *See Colony Ins. Co. v. Fladseth*, 2013 WL 3187938, *2 (N.D. Cal.

4

June 21, 2013) (Claudia Wilken, J.) ("Defendants also contend that Plaintiff's motion under . . . 59(e) is untimely because it was filed more than ten days after the entry of judgment.  * * * Defendants, however, appear to base this argument on former Rule 59(e), which created a ten-day period for the filing of a motion to alter or amend a judgment, rather than the current version of Rule 59(e), which . . . provides for a twenty-eight[-]day time period for such a filing.").

**But the motion merely argues, again, that Urbano qualifies to serve as petitioner's next friend.** *See* Doc 21 at 2-5. The motion otherwise makes no attempt to identify any defect in the Court's prior conclusion that petitioner's habeas petition was properly dismissed without prejudice for lack of prosecution, failure to comply with court order, and failure to file a habeas petition that was personally signed and verified by petitioner. Thus this is a motion for *partial* reconsideration. (Urbano does not argue that, if he is not qualified to serve as petitioner's next friend, it was legally erroneous for this Court to dismiss the action without prejudice due to *petitioner's* failure to file a petition which the petitioner had personally signed and verified.)[1]  As directed by the Court, the respondent filed an opposition brief and supporting documents on June 24, 2014 (Docs 25-26). Petitioner's original deadline to file a reply brief was June 27, 2014, but petitioner Gomez filed a motion for extension of time (Doc 23) on June 11, 2014. By Order issued June 12, 2014 (Doc 24), the Court extended petitioner's reply deadline to July 21, 2014. But petitioner never filed a reply brief. Instead, on July 21, 2014, inmate Urbano – not petitioner – signed a reply brief (Doc 27) and tendered it to prison authorities for mailing; the reply was entered on the docket on July 31, 2014 with a filing date of July 25, 2014, and the undersigned received a copy of the reply on August 1, 2014.

URBANO'S ARGUMENT FOR RECONSIDERATION

In the reconsideration motion, inmate Urbano invokes Federal Rule of Civil Procedure

---

[1] Nor does Urbano argue that, if he is not qualified to serve as next friend, it would be an abuse of discretion or otherwise legally erroneous to convert the dismissal of this action to "with prejudice" due to continuing lack of prosecution, failure to comply with court order, and failure to file a habeas petition that was personally signed and verified by petitioner. *See* Urbano's Reply (Doc 27) at 5 ("*It is Urbano's Next Friend application which [is[ the subject of this motion. The denial of that application is the only issue up for reconsideration.*") (emphasis added).

59(e) and argues that the Court committed a manifest error by ruling that petitioner failed to show that Urbano qualifies to serve as petitioner's next friend in this matter. *See* Doc 21 at 2. Urbano first asserts, without citation to any federal precedent, that he satisfies the first prong of the *Whitmore v. Arkansas*, 495 U.S. 149 (1990) test for next-friend status. Urbano states as follows:

> **A presumption of inaccessibility is required in this case.** The mere fact that Mr. Urbano engages in writ writing indicates that California has decided to fulfill its federal obligation to provide access to the courts by allowing inmates to assist other inmates with preparing habeas corpus petitions. (Exhibit A, attached hereto; California Code of Regulations, Title 15 § 3163 ("15 CCR § 3163") ("One inmate may assist another in the preparation of legal documents.")).
>
> Such a regulation is a stark concession that the State does not provide its prisoner's [sic] with adequate access to the courts. (*Johnson v. Avery*, 393 U.S. 483, 490 (1969) ("[U]nless and until the state provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation . . . barring inmates from furnishing such assistance to other prisoners."); *cf., e.g., Sizemore v. Lee*, 20 F. Supp.2d 956, 958 (W.D. Va. 1998) (prisoner writ writers not mandated where prison provides inmates with law library and legal assistance).
>
> Accordingly, as a matter of federal law, it may be presumed that Petitioner lacks access to the court and Mr. Urbano, therefore, meets the first prong of the *Whitmore* "next friend analysis." (*Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (a "next friend" must provide "an adequate explanation – such as inaccessibility").

Doc 21 at 2. In his reply (Doc 27 at 4), Urbano similarly asserts, without citation to any authority, that "[n]o other reason exists for California to allow its inmates to assist each other in the preparation of legal documents; except to avoid a total lack of access to the courts. California does not provide adequate access to the courts. Thus, there is inaccessibility without people like Mr. Urbano." *See also* Urbano's Reply (Doc 27) at 6 Section D, "Grounds for Relief Have Been Set Forth" (stating, in its entirety, "It was clear error for the Court to overlook the presumption of

inaccessibility and manifestly unjust to just let this case die in the face of inaccessibility.") (citing no authority).

**Urbano next contends that "[a]s a prisoner writ writer, [he] meets the 'significant relationship' standard for Next Friend status."** Doc 21 at 3. Urbano reasons as follows:

> [F]ederal law compels state prison systems to allow its [sic] prisoners to establish inmate legal advocacy relationships if those systems fail to provide reasonable alternatives. (*Johnson v. Avery*, 393 U.S. 483, 490 (1969).) California, indeed, allows such relationships. (15 CCR § 3163.) Mr. Urbano and petitioner have established such a relationship, therefore, constituting a significant relationship recognized by both federal and state law. (*See generally Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990) (limitation on next friend doctrine driven by recognition "that it was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers.").)
>
> * * * Urbano's next friend status is critical to Petitioner, highlighted by Petitioner's failure to sign the Petition and his failure to file objections. At least one reasonable conclusion to draw from this circumstance is that Petitioner cannot read court orders nor write responses to the court. Petitioner probably will fail to read and respond to this Court's latest Order directing him to sign the Petition. (ECF No. 20 [March 31, 2014].) This is precisely why Mr. Urbano qualifies for next friend status, in order to ensure Petitioner's claim sees the light of a courtroom. (*See also Bowen v. Johnston*, 306 U.S. 19, 26 (1939) (no higher duty for a federal duty [than] to maintain access to habeas forum "unimpaired").)

Doc 21 at 3-4; *see also* Urbano's Reply (Doc 27) at 5 ("Additionally, Mr. Urbano's significant relationship with Gomez is established by the access to court doctrine (*Johnson v. Avery*, 393 U.S. 483, 490 (1969) (inmates may not be barred from furnishing assistance to other prisoners) and California Code of Regulations, Title 15 section 3163 ('[o]ne inmate may assist another in the preparation of legal documents'), in the face of inaccessibility."). Urbano again fails, however, to persuasively demonstrate that petitioner is truly incapable of prosecuting this action on his own. *Cf. Nelson v. Thompson*, 2014 WL 3882322, *3 (E.D.N.Y. Aug. 7, 2014) (ruling that Margo Nelson could not bring habeas petition as next friend on behalf of her own son where she "fails

to demonstrate that Deric Nelson is incapable of asserting his own rights.").

**For several reasons, the Court will not reconsider the March 31, 2014 Order's determination that Urbano does not qualify as petitioner's next friend in this matter.**

**First, because petitioner failed to file objections to the R&R which this Court adopted, he may fairly be deemed to have waived his right to seek reconsideration under Fed. R. Civ. P. 59(e) or relief from judgment under Fed. R. Civ. P. 60(b) on the basis of any argument or evidence which he could have raised in such objections.** A motion for reconsideration simply "do[es] not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or *advance arguments that could and should have been presented to the district court prior to the judgment.*" *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996), *cited by Collins v. Bowman, Heintz, Boscia & Vician, P.C.*, 2012 WL 3756865, *2 (S.D. Ind. Aug. 9, 2012) ("Plaintiff also contends that the client was in a better position to prevent Stochel's misconduct, but plaintiff waived that argument by failing to object to the [R&R]."), *R&R adopted*, 2012 WL 3756652 (S.D. Ind. Aug. 28, 2012). *See also Turner v. San Diego Central Jail*, 2014 WL 1729019, *3 (S.D. Cal. Apr. 30, 2014) ("Plaintiff contends . . . that, 'moving facilities [from the San Diego Central Jail] prevented him from seeking his administrative remedies,' violating his rights under 42 U.S.C. section 1983. Plaintiff failed to raise this argument in either his Objections to the Report and Recommendation or his initial Motion for Consideration. Plaintiff 'may not use [this] motion for reconsideration to raise arguments or present evidence for the first time when they could have been raised earlier in this litigation.'") (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)) (brackets and bracketed text in original) (record citations omitted); *Chui v. Kane*, 2008 WL 4080357, *1 (D. Ariz. Sept. 2, 2008) ("Petitioner did not raise this argument in the underl[y]ing petition and failed to respond to the objections to the R&R. The argument therefore cannot be presented in a motion for reconsideration.") (citing *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003)) (record citation omitted), *mot. to vacate*

1  *denied*, 2008 WL 4323506 (D. Ariz. Sept. 19, 2008).[2]

**Second, even assuming *arguendo* that petitioner did *not* waive his right to file a reconsideration motion by failing to object to the R&R, this motion is still not properly before the Court. That is because this motion was filed by someone who is neither a party nor counsel or next friend to a party in this case** (purported "next friend" Urbano). *Accord Grogg v. Beck*, 2014 WL 513552, *4 (E.D. Tenn. Feb. 10, 2014) ("[T]he statement of proposed claims was submitted by Marvin Lee Keeling, who is not a party to this lawsuit and who may not file pleadings on behalf of plaintiff."); *cf. Covington Specialty Ins. Co. v. Charles A. Shadid, LLC*, 2013 WL 3923764, *6 (W.D. Okla. July 29, 2013) ("Shadid cannot file a counterclaim because he is not a party."); *Kvet v. Stammitti*, 2013 WL 179434, *1 (N.D. Ohio Jan. 16, 2013) ("Because Hudson-Kvet is not a party to this action and has not requested to intervene as a party in this action, she cannot file an amended pleading. Consequently, the Court will not consider any claims she may be asserting in this document."); *Soto v. FCM Corp.*, 2011 WL 116847, *1 n.1 (S.D. Cal. Jan. 13, 2011) ("JPMorgan . . . is not a party and therefore cannot file documents in this case."); *Ruhl v. Wal-Mart Corp.*, 2011 WL 2159365, *2 (W.D. Wash. May 25, 2011) ("Signing and filing documents on behalf of another is the practice of law. Suzanne Carey is not a member of the Bar of this Court. She may not file legal documents on behalf of anyone other than herself

---

[2]*Accord Flemming v. New York*, 2013 WL 4831197, *13 (S.D.N.Y. Sept. 10, 2013) (denying Rule 60(b) motion, court stated in pertinent part, "[P]etitioner's claim of actual innocence is foreclosed by his failure to raise it as an objection to the 2009 Report . . . .").

*Cf. Cardoza v. Rock*, 731 F.3d 169, 182 n.7 (2d Cir. 2013) ("Following a motion for reconsideration in which the respondents make this very argument, the district court denied the motion on the ground that the respondents had failed to make this objection to the R&R and had thereby waived the argument."); *Derringer v. Chapel*, 279 F. App'x 641, 643 (10th Cir. 2008) (dismissing appeal on the ground that appellant's failure to object to Magistrate's R&R waived his right to appeal from the district court's order adopting that R&R, and noting that district court had also refused to entertain appellant's Rule 59(e) motion for reconsideration due to the movant's failure to object to R&R).

and she is not a party to this action. This fact is conclusive.") (citing 28 U.S.C. § 1654[3]); *In re Medvedev*, 2009 WL 3187615, *3 (W.D. Wash. Sept. 30, 2009) ("Medvedeva is not a party in this dismissed legal action brought by her son and cannot file an independent request for a separate remedy within it. By separate order, the Court will strike her pleading."); *Vibe Techs., LLC v. Suddath*, 2006 WL 3404811, *5 (D. Colo. Nov. 22, 2006) ("As he is not a party to this lawsuit, nor has he properly intervened, Mr. Hansen may not file pleadings or other matters with the Court on behalf of himself or others in this case.").

In short, Urbano's Rule 59(e) motion is not properly before the court because it is filed neither by a party nor by a party's counsel, guardian ad litem, or next friend; and even if the motion had been filed by petitioner, it would be barred because petitioner waived his right to make these next-friend arguments by failing to raise them earlier by way of objection to the R&R.[4]

<u>Conversion of Dismissal From "Without Prejudice" to "With Prejudice"</u>

As noted above, other than again insisting that Urbano must be allowed to make filings on petitioner's behalf, the motion makes no attempt to identify any other defect in the Court's March

---

[3] This section, entitled Appearances Personally or By Counsel, provides as follows: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

[4] **Even if petitioner had filed this motion and had denominated it as a Fed. R. Civ. P. 60(b) motion for relief from judgment, Rule 60(b) is a vehicle for seeking relief only from *final* judgments and orders, not from interlocutory orders.** *See United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000); *accord Goins v. Horne*, 2014 WL 2988378, *2 (D.S.C. July 2, 2014) ("'Rule 60(b) is not available for relief from an interlocutory order.'") (quoting *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991)).

This Court's March 31, 2014 ruling that Urbano does not qualify as petitioner's next friend was interlocutory. *Accord Padilla v. Rumsfeld*, 256 F. Supp.2d 218, 221 (S.D.N.Y. 2003) (certifying "for *interlocutory* appeal the determination that Padilla's attorney . . . may act as next friend in pursuing the habeas corpus petition") (emphasis added); *cf., e.g., Bernhoft Law Firm, S.C. v. Pollock*, 2013 WL 3520267, *2 (S.D. Cal. July 11, 2013) ("An order is final if it terminates the litigation subject only to the right of appeal. Because the disqualification order did not resolve any of the substantive issues in the case, it is not a final order. Accordingly, Rule 60(b) does not apply.").

31, 2014. Specifically, Urbano's motion does not attempt to identify any defect in the Court's prior conclusion that petitioner's habeas petition was properly dismissed without prejudice for lack of prosecution, failure to comply with court order, and failure to file a habeas petition that was personally signed and verified by petitioner. Nor does Urbano's motion attempt to provide any other basis to refrain from converting the without-prejudice dismissal to with-prejudice due to continuing lack of prosecution, continuing failure to comply with court order, and continuing failure to file a habeas petition that was personally signed and verified by petitioner Gomez.

The simple fact remains that petitioner Gomez has not complied with the prior order's directive to file a habeas petition which he has personally signed and verified no later than May 1, 2014. Nor has petitioner Gomez sought an extension of time in which to do so. **As the March 31, 2014 order forcefully warned would happen,**[5] **the Court will convert the without-prejudice dismissal to a with-prejudice dismissal as a sanction for petitioner's continuing failure to obey court orders, failure to prosecute this action, and failure to submit a habeas petition personally signed and verified by the petitioner.** *See, e.g., Nooner v. El Dorado Union High School Dist.*, No. 12-17155, – F. App'x –, 2014 WL 2620973, *1 (9th Cir. June 13, 2014) (affirming Fed. R. Civ. P. 41(b) dismissal *with* prejudice for lack of prosecution, panel stated, "Appellants were warned several times that non-responsiveness and failure to comply with local rules would lead to sanctions, including dismissal. Despite these warnings and the imposition of several lesser sanctions, Appellants persisted in non-compliance. Dismissal was well within the district court's discretion."); *Davis v. Morris*, No. LA CV 13-08807-VBF-CW, 2014 WL 1364895, *1 (C.D. Cal. Apr. 4, 2014) (converting dismissal of *pro se* civil-rights action from without-prejudice to with-prejudice due to continuing lack of prosecution and failure to comply with orders).

---

[5] *See, e.g., Feinberg-Tomahawk v. City & County of San Francisco*, 2014 WL 3752031, *2 (N.D. Cal. July 29, 2014) (dismissing civil-rights action without prejudice due to *pro se* plaintiff's failure to respond to defendant's Rule 12(b)(6) motion to dismiss and to subsequent order to show cause, the court stated that plaintiff's failure to file an amended complaint within 21 days "will lead to dismissal of this case *with* prejudice for failure to prosecute.") (emphasis added); *Stuart v. Hughes*, No. LA CV 13-02290-VBF, 2014 WL 1364927 (C.D. Cal. Apr. 4, 2014) (Fairbank, J.); *Myrie v. Calvo/Calvoba*, 591 F. Supp.2d 620, 629 (S.D.N.Y. 2008).

PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Absent a COA, an appeal may not be taken from a final decision of a district judge in a 28 U.S.C. § 2254 or § 2255 habeas corpus proceeding,[6][7] and the district court must issue or deny a COA when it enters a final order adverse to the applicant, *see* Rule 11(a) of Rules Governing § 2254 Cases. In practice,"[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)); *accord Ruiz v. US*, 2014 WL 1487742, *8 (E.D. Cal. Apr. 15, 2014) (Ishii, Sr. J.) ("The issuance of a COA is 'a rare step.'") (likewise quoting concurrence in *Murden*). A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court is mindful that it "must resolve doubts about the propriety of a COA in the petitioner's favor", *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc), but no such doubt exists here.

**Petitioner is not entitled to a COA to appeal this Court's denial of Urbano's motion for reconsideration of the March 31, 2014 next-friend ruling.** Reasonable jurists would not find it debateable (1) that Urbano's motion for reconsideration is not properly before the Court; (2) that the motion would be barred even if filed by petitioner, because petitioner's failure to object to the R&R waived his right to assert arguments that could have been asserted in objections; and (3) that Urbano presents no ground for relief from judgment even if the motion were construed as a Fed. R. Civ. P. 60(b) motion. **Nor is petitioner entitled to a COA to appeal this Court's conversion of the dismissal of this action from without-prejudice to with-prejudice.** Reasonable jurists would not find it debateable that (1) petitioner has failed to file a habeas petition which he has personally signed and verified as directed by this Court's prior order and (2)

---

[6] Appellants "shall brief only issues certified by the district court or the court of appeals", 9th Cir. R. 22-1(e), and appellees "need not respond to any uncertified issues", 9th Cir. R. 22-1(f).

[7] "There is an exception not applicable here: 'a COA is not required to appeal an order denying a motion for federally appointed counsel.'" *Fisher v. Barrios*, 2014 WL 1512186, *4 n.8 (C.D. Cal. Apr. 15, 2014) (quoting *Harbison v. Bell*, 556 U.S. 180, 194, 129 S. Ct. 1481 (2009)).

therefore, dismissal *with* prejudice is appropriate in light of petitioner's prolonged, repeated failure or refusal to simply file a habeas petition which he himself has personally signed and verified. In the posture of this case, then, the petition is not "adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983).[8]

## ORDER

The "Motion to Alter . . . March 31, 2014 Next Friend Judgment" **[Doc # 21] is DENIED**.

The habeas petition **[Doc #1] is DISMISSED *with* prejudice** failure to prosecute, failure to follow court order, and failure to file a petition personally signed and verified by petitioner.

The Court **DECLINES** to issue a certificate of appealability.

As required by Fed. R. Civ. P. 58(a)(1)[9], judgment will be entered by separate document. Said judgment will be final, but it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

DATED: August 14, 2014

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE

---

[8] A litigant may ask a district court to reconsider its denial of a COA, *see, e.g., Ho v. Carey*, 332 F.3d 587, 590 (9th Cir. 2003), but "the denial of a COA is not in itself appealable" to the Court of Appeals. *See Greenawalt v. Stewart*, 105 F.3d 1268, 1272 (9th Cir. 1997) (per curiam), *abrogation o.g. recog'd by Jackson v. Roe*, 425 F.3d 654, 658-61 (9th Cir. 2005). *Accord Sims v. US*, 244 F.3d 509, 509 (6th Cir. 2011).

[9] *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013). "'To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims.'" *Elkins v. Foulkes*, 2014 WL 2615732, *14 n.4 (C.D. Cal. June 12, 2014) (quoting *Daley v. U.S. Attorney's Office*, 538 F. App'x 142, 143 (3d Cir. 2013) (per curiam) (citation omitted)). "'A combined document denominated an Order and Judgment, containing factual background, legal reasoning, as well as a judgment, generally will not satisfy the rule's prescription.'" *Fisher v. Ventura Cty. Sheriffs Narcotics Agency*, 2014 WL 2772705, *7 n.9 (C.D. Cal. June 18, 2014) (quoting *In re Taumoepeau*, 523 F.3d 1213, 1217 (10th Cir. 2008)) (internal quotation marks omitted).